# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00930-KDB-SCR

| | |
|---|---|
| JASON R. PAJTAS, **Plaintiff,** v. JONATHAN BRYANT, LINCOLN CHARTER SCHOOL, AND TRISHA AMOS, **Defendants.** | **MEMORANDUM AND ORDER** |

On November 17, 2025, Plaintiff Jason Pajtas' son received a five-day suspension following what he characterizes as a "disciplinary incident." Doc. No. 2-1 at 1. Pajtas alleges that Defendant Bryant improperly denied his request for an "informal hearing" prior to the start of the suspension—which he contends is required under N.C. Gen. Stat. § 115C-390.6(b). Doc. No. 2-1 at 3. He thereafter filed a Complaint and Motion for Temporary Restraining Order in Lincoln County Superior Court. Doc. Nos. 2; 7 at 2. When the state court denied the motion, Pajtas initiated this action on November 21, 2025, alleging violations of his son's federal and state constitutional rights. Doc. No. 1.

Now before the Court is Pajtas' Motion for Preliminary Injunction (Doc. No. 2), filed contemporaneously with the Complaint, in which he seeks the immediate reinstatement of his son at school. Doc. No. 2. Defendants filed a timely opposition on December 4, 2025, asserting that the Motion is moot because Pajtas' son has already returned to school. *See* Doc. No. 7.

Before a Court may consider the merits of a motion for preliminary injunction, it must first determine whether there is a "live" controversy between the parties. "'[A] case is moot when the

1

issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Kennedy v. Block*, 784 F.2d 1220, 1222 (4th Cir. 1986) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Thus, a motion for preliminary injunction becomes moot when it is impossible for a court to grant any "effectual relief" to the prevailing party. *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307–08 (2012). Further, "the relief a plaintiff seeks in his motion for preliminary injunction must be relief that a court could issue at the preliminary injunction stage." *Pitcairn Franchise Dev., LLC v. JTH Tax, LLC*, No. 2:21-CV-295-RAJ-LRL, 2022 WL 1093269, at *2 (E.D. Va. Apr. 12, 2022) (citing *Cunningham Energy, LLC v. Vesta O&G Holdings, LLC*, No. 2:20-CV-00061, 2020 WL 6140463, at *4–5 (S.D.W. Va. May 21, 2020)).

Here, the record establishes that the suspension concluded on November 24, 2025, and that Pajtas' son has since resumed attending school. Doc. No. 7 at 4. Because the relief Pajtas seeks has already happened, no live controversy remains with respect to Pajtas' son's attendance at school. Additionally, Pajtas requests to expunge the suspension from his son's record and to enjoin Defendants from imposing future suspensions on his son without an informal hearing can be more appropriately decided on the merits. Accordingly, Pajtas' Motion for Preliminary Injunction is **DENIED** as moot.

    **SO ORDERED ADJUDGED AND DECREED**.
 Signed: December 29, 2025

Kenneth D. Bell
United States District Judge