IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00930-KDB-DCK

| | |
|---|---|
| JASON R. PAJTAS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>JONATHAN BRYANT, LINCOLN CHARTER SCHOOL, AND TRISHA AMOS,<br><br>　　Defendants. | **MEMORANDUM AND ORDER** |

After Plaintiff Jason Pajtas' son received a five-day suspension following a disciplinary incident at school, Pajtas filed this action on November 21, 2025, both individually and as parent and next friend of his minor child. In the Complaint, Pajtas seeks his son's reinstatement at school, the expungement of the suspension from the child's academic record, and an injunction prohibiting Defendants from imposing future suspensions without first providing a hearing. *See* Doc. No. 1. Now before the Court is Defendants' Motion to Dismiss (Doc. No. 11), which argues, among other grounds, that Pajtas, as a pro se litigant, may not prosecute claims on behalf of his minor son and that he lacks standing to bring his "individual" claims.[1] The Court agrees.

Federal law generally permits individuals to represent only their own interests in federal court. Under 28 U.S.C. § 1654, "the parties may plead and conduct their own cases personally or by counsel," a provision that secures the right of self-representation but does not authorize a litigant

---

[1] Because Pajtas is proceeding pro se, the Court issued a Roseboro Order on February 10, 2026 (Doc. No. 14). However, Pajtas has not responded to Defendants' Motion, and the time to do so has expired.

1

to appear on behalf of another. *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 243 (4th Cir. 2020) (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (explaining that pro se status "denotes … appearance for one's self," not for "another person or entity")). The Fourth Circuit has accordingly held that "the right to litigate for oneself…does not create a coordinate right to litigate for others." *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005).

Although a non-attorney parent may *assert* a claim on behalf of their child, "non-attorney parents generally may not *litigate* the claims of their minor children in federal court." *Id.* at 400–01 (emphasis added); *see also Wojcicki,* 947 F.3d at 243; *L.C. by & through Dunbar v. Charter Sch. USA at Cary, LLC*, No. 5:24-CV-66-FL, 2025 WL 819116, at *2 (E.D.N.C. Mar. 13, 2025). This rule reflects the overwhelming consensus among the circuits, which prohibit non-attorney parents from prosecuting their children's claims. *Id.* (collecting cases). In sum, regardless of the fact that Pajtas has failed to respond to Defendants' Motion, he has not secured counsel in this matter, and the Fourth Circuit precludes him from litigating claims on behalf of his son.

Further, Defendants contend that Pajtas lacks standing to bring his individual claims. If a plaintiff lacks standing, then there is no case or controversy, and the court lacks subject-matter jurisdiction over his claims. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). The "irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. 330 at 338 (internal quotations omitted). Indeed, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 341; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (to establish injury in fact plaintiff's allegations must be sufficient to show he suffered concrete harm).

Here, Pajtas seeks to litigate claims involving alleged harms belonging solely to his minor child, including that his son's due process rights under 42 U.S.C. § 1983 were violated, that Defendants violated N.C. Gen. Stat. § 115C-390.6 and the North Carolina Constitution as to his son, and he seeks declaratory judgment on his son's behalf. *See* Doc. No. 1 ¶¶ 39–63. Although Pajtas purports to assert individual claims, he alleges no cognizable injury of his own. *See Garey v. James S. Farrin, P.C.,* 35 F.4th 917 (4th Cir. 2022) ("Plaintiffs who do not have a legally cognizable injury lack standing to bring suit in federal court."). Accordingly, Pajtas lacks standing and the Court will **GRANT** Defendants' Motion to Dismiss without prejudice.[2]

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 11) is **GRANTED**; and
2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 9, 2026

Kenneth D. Bell
United States District Judge

---

[2] Although Defendants raise several additional grounds for dismissal, the Court need not address them.